Gary L. PRICE and wife, Lois W. Price, Appellees,

v.

UNITED STATES of America, Appellant.

No. 78–1404.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1979.

Decided May 30, 1979.

Francis J. Gould, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Henry M. Michaux, Jr., U. S. Atty., Durham, N.C., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief), for appellant.

Richard C. Forman, Greensboro, N.C. (Forman & Zuckerman, P.A., Greensboro, N.C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and WINTER, Circuit Judge.

WINTER, Circuit Judge:

At issue in this case is the proper federal income tax treatment to be afforded the lump-sum distribution received by an employee in liquidation of an employee profit-sharing plan. The district court held that the distribution was taxable as a long-term capital gain. We conclude, however, that the distribution was properly treated as ordinary income rather than as capital gain, and we therefore reverse.

### I.

The suit is one for a tax refund, and the facts are stipulated: The taxpayer, Gary L. Price, has at all times pertinent to this litigation been a non-salaried employee of P. Lorillard Company ("Lorillard") or its successor, Loew's Theatres, Inc. ("Loew's"). In 1968, pursuant to a collective bargaining agreement between Lorillard and the Tobacco Workers International Union, Lorillard adopted an employee profit-sharing plan meeting the requirements of § 401(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 401(a). In 1969, Lorillard was merged into Loew's, thereby terminating Lorillard's separate corporate existence. As part of the merger, Loew's assumed all the obligations of Lorillard, including the

profit-sharing plan. At the time, the management of Loew's neither intended nor expected to terminate the plan, and its board of directors resolved to continue the plan "for the present." In fact, Loew's provided funding for the plan in the aggregate amount of almost $2 million for almost two years thereafter.

From 1969 to 1971, Loew's undertook a study of its employee benefit plans. It became apparent from the study that an integrated employee benefit plan was required to facilitate intracompany personnel transfers. Consequently, after negotiating with the Tobacco Workers International Union and other unions representing its non-salaried personnel, Loew's decided in 1971 to terminate the Lorillard profit-sharing plan and to institute a new profit-sharing plan covering all of its non-salaried employees.

The Lorillard profit-sharing plan was liquidated and distributions made to all beneficiaries in 1971. Although taxpayer continued to be an employee of Loew's, he received a lump-sum distribution of $1,663, which he treated as long-term capital gain for federal income tax purposes. Finding the distribution to be taxable as ordinary income, the Internal Revenue Service assessed a deficiency of $107 plus interest. Taxpayer then paid the deficiency and commenced this refund suit. From a decision in favor of taxpayer, the United States has appealed.

## II.

In 1971, the tax year in issue, § 402(a)(1) of the Internal Revenue Code provided that distributions from employees' trusts qualifying under § 401(a) were generally taxable to the employee as ordinary income. Under § 402(a)(2), however, such distributions could be reported as capital gains if paid "on account of" the employee's "death or other separation from the service" of his employer. The sole issue presented in this case is whether the distribution to taxpayer was on account of his separation from the service of Lorillard within the meaning of § 402(a)(2).

■ At the time of the distribution, the Internal Revenue Service (IRS) considered an employee to be "separated from the service" of his corporate employer if the employer was liquidated after it had merged with a second corporation, even though the employee continued to work for the survivor. See Rev.Rul. 58–95, 1958–1 C.B. 197. While IRS's position has since changed, see Rev.Rul. 72–440, 1972–2 C.B. 225, IRS concedes the applicability of the earlier ruling to the instant case. It is established, then, that taxpayer was separated from the service of Lorillard in 1969, the date Lorillard merged with Loew's and was liquidated.

■ The question remains whether the 1971 distribution took place "on account of" taxpayer's separation. It is settled that a distribution is not deemed to be on account of an employee's separation when the acquiring corporation adopts the profit-sharing plan of its predecessor. Thus, in *Rybacki v. Conley,* 340 F.2d 944 (2 Cir. 1965), the Second Circuit held that, where the successor corporation could have allowed the merged corporation's plan to lapse, but instead expressly adopted the plan and continued it until the plan was terminated at a later date, distributions from the plan were not made on account of the taxpayers' separation from the merged corporation. *Id.* at 946. We followed *Rybacki* in *Funkhouser v. Commissioner of Internal Revenue,* 375 F.2d 1 (4 Cir. 1967). There, we reasoned that the employee pension trust "was in nowise terminated incident to the change of business ownership" where "the corporate principals carefully and specifically took the contractual steps necessary to continue the . . . trust in existence." *Id.* at 5, 6. *See also Smith v. United States,* 460 F.2d 1005, 1017 (6 Cir. 1972).

In the instant case, Loew's assumed all the assets and liabilities of Lorillard, including the latter's obligations under the profit-sharing plan. Loew's board of directors agreed to continue "for the present" its predecessor's plan, designating as the "Employer" under the plan its new Lorillard division. There was no intention or expectation on the part of Loew's management to terminate the plan. During the next twenty-two months, Loew's made substan-

tial payments to fund the plan. It was only as a result of perceived difficulties with respect to intracompany personnel transfers that Loew's, after bargaining with the appropriate unions, decided to terminate the Lorillard plan and to establish an integrated plan for its non-salaried employees. We think that these facts compel the conclusion that Loew's adopted the Lorillard plan and that the plan was terminated, not on account of the merger, but because of later developments minimally related thereto.

In reaching the opposite conclusion, the district court found that Loew's believed it could not terminate the plan without the specific approval of the Tobacco Workers International Union. This finding is unsupported by the record, which shows only that *Lorillard* thought discontinuance of the plan would *probably* have required prior *negotiation* with the union. More importantly, while successor employers may be required to recognize and bargain with the incumbent union, they are not bound by the substantive provisions of a collective bargaining agreement negotiated by their predecessors but not agreed to or assumed by them. *N.L.R.B. v. Burns International Security Services, Inc.,* 406 U.S. 272, 281–91, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972). Since Loew's had the right to renegotiate Lorillard's profit-sharing plan at the time of the merger, it was not compelled to continue the plan. Indeed, the failure of Loew's to exercise its right to renegotiate provides additional evidence of its desire to adopt the existing plan.

To summarize: Because Loew's adopted the Lorillard plan at the time of the merger, the termination of the plan and the consequent distribution to taxpayer almost two years later was not "on account of" taxpayer's separation from Lorillard's service within the meaning of § 402(a)(2). The distribution was taxable, therefore, as ordinary income under § 402(a)(1).

*REVERSED.*

BRYAN, Senior Circuit Judge, dissenting:

With deference, I dissent from the majority decision. I would affirm on the opinion of the District Judge. *Price v. United States,* 469 F.Supp. 754 (M.D.N.C.1977).